### COLBURN v. I. STEPHENSON CO.

PUBLIC LANDS — HOMESTEAD — TIMBER — UNLAWFUL CUTTING— EVIDENCE.

In an action for the purchase price of certain logs, evidence considered, and *held* to show conclusively that the logs were unlawfully cut from land held under an unperfected homestead entry, and to warrant the direction of a verdict for defendant.

Error to Delta; Stone, J. Submitted January 16, 1903. (Docket No. 55.) Decided June 23, 1903.

*Assumpsit* by John D. Colburn against the I. Stephenson Company for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Reversed.

*F. D. Mead*, for appellant.

*Cummiskey & Yelland*, for appellee.

HOOKER, C. J. Colburn owned a shingle mill. He claims that he loaned some money to Frank Steits for logging purposes, not knowing where he intended to do the logging, paying the money from time to time on orders, and directly to Steits. Steits was to sell the logs to the defendant, but the money was to be paid to Colburn, under an arrangement made with defendant's alleged pur-

chasing agent, one Wells, when he purchased the logs.
The defendant received the logs, and in April, 1901, a
claim was made by Dwyer, a special agent of the general
land office, that the logs were fraudulently cut from gov-
ernment land. The logs were cut from a tract of land
which was entered as a homestead in 1900 by one Malcolm
Beaton. Steits advanced him about $375, which plaintiff
claims to have been used in buying a relinquishment from
Mr. Smith, a former entryman, and in building a house,
and a road to the premises from the main road, half a
mile distant, and in digging a well. It is claimed by the
plaintiff that, at the time Steits furnished the money to
Beaton, he purchased from him some or all of the stand-
ing timber on the lot, which he proceeded to cut, employ-
ing several men in the work, paying the expenses from the
money borrowed of Colburn, the plaintiff.

Dwyer investigated the transaction, and made the
claim that Beaton was not acting in good faith with the
government in selling the timber to Steits, that it was not
necessary that it be cut for the purpose of cultivating and
improving the land, and was in fact a scheme to get
the timber. He found that the timber had been sold to
defendant, and demanded the price from it, threatening
suit unless it should pay the agreed price to the govern-
ment, which it did. This action was then brought against
the defendant, the declaration being the common counts,
with a bill of particulars in the usual form for a quantity
of logs sold to defendant by the plaintiff at certain prices.
There was no dispute upon the trial as to quantities or
prices. Accompanying the plea of the general issue,
defendant's notice alleges the unlawful cutting of the
timber, that it was a trespass upon government lands, that
it violated the homestead law, that Beaton had abandoned
the homestead, that the title to both land and logs was in
the federal government at the time the action was com-
menced, that plaintiff never had a legal title to the logs
sold to defendant, and that it had paid the true owner,
viz., the government, for the logs. It was conceded upon

the trial that Beaton abandoned the homestead before the action was brought.   The plaintiff claimed that the timber cut came from a strip of 15 acres which Beaton intended to clear, and that it was cut in a *bona fide* effort to clear and improve the land.   Steits is said to have testified, however, that one-fourth of the pine and cedar came from other portions of the land.   The court left the question of good faith to the jury, and charged that the title to such timber as was cut from other parts of the land than the 15-acre tract belonged to the government.   A verdict was returned in favor of the plaintiff for $548.12, the one-fourth of the timber being deducted from the plaintiff's claim, in accordance with the charge.   A request that a verdict be directed in favor of the defendant was refused.

We are satisfied that there was testimony in the case from which the jury might have found that this timber was purchased by defendant from Colburn.   It is significant that he should advance to an irresponsible man like Steits $1,100 *as a loan* without security; and, had the jury found that Steits was merely his agent, and that they were both engaged in plundering government lands, we could not set aside the verdict for want of evidence.   There is ample evidence, therefore, from which it may be inferred that Colburn, and not Steits, was the principal in the sale to the defendant.   This eliminates the question of the statute of frauds.

The agency of Wells is supported by the evidence, especially as the defendant has accepted the benefit of his purchase.

The principal question is whether the judge should have instructed the jury that this cutting of timber was fraudulent and wrongful.   That the jury would have been justified in finding that it was is obvious, and, in our opinion, the evidence not only preponderates in that direction, but we cannot say that there was any substantial evidence tending to prove that the timber recovered for was cut in a *bona fide* effort to cut off and improve a parcel of 15 acres for cultivation.   In our opinion, the testimony establishes

a clear case of timber stealing, in which Steits and Beaton participated, and there is strong ground to suspect that the plaintiff was not an innocent party in the transaction.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.